# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MANUEL A. VEGA-SANTIAGO,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 16-2252 (ADC)**
**[Related to Crim. No. 05-315 (ADC)]**

## OPINION AND ORDER

On June 28, 2016, Manuel A. Vega-Santiago ("petitioner" or "Vega"), pro se and through the Federal Public Defender, filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 05-315, in light of *Johnson v. United States*, 576 U.S. ___, 135, 135 S. Ct. 2551 (2015). **ECF Nos. 1, 4.** In essence, he avers that pursuant to *Johnson*, his carjacking conviction no longer qualifies as a crime of violence under 18 U.S.C. § 924(c), for which his weapons conviction under said statute should be vacated. *Id.* For the following reasons, the petition and supplemental petition are **DENIED**.[1] **ECF Nos. 1, 4.**

Vega was found guilty following a jury trial of: (1) carjacking, in violation of 18 U.S.C. § 2119(1) ("Count One"); (2) discharge of a firearm in furtherance of a crime of violence

---

[1] On April 25, 2017, petitioner requested the Court to stay the case pending the outcome of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). **ECF No. 5**. The *Dimaya* decision issued on April 17, 2018, and on June 1, 2018, the Court allotted petitioner an additional thirty days to supplement his filings in light of *Dimaya*. **ECF No. 6**. Petitioner did not submit any supplemental filings.

(carjacking) ("Count Two"), in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (3) unlawful transport of firearms, in violation of 18 U.S.C. § 922(k) ("Count Three"). **ECF No. 4; Crim. No. 05-315 (ADC), ECF Nos. 33, 34.** On February 16, 2006, the Court sentenced Vega to 120 months on Counts One and Three, to be served concurrently, plus a consecutive sentence of 120 months under 18 U.S.C. § 924(c), for a total of 240 months of imprisonment. *Id*.

Under the weapons statute at issue, section 924(c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is carjacking—include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause." The other definition is premised on a case-by-case analysis of whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

The petitioner asserts a two-pronged argument to claim that there is no statutory basis for his conviction and 120-month sentence under the weapons statute. **ECF No. 4.** Vega argues that because *Johnson* invalidated a statutory provision under the Armed Career Criminal Act ("ACCA"), which was similarly-worded to the residual clause here, the residual clause must also be unconstitutional. *Id*. And, upon finding the residual clause unconstitutional, his weapons

conviction remains valid only if his carjacking convictions meet the definition of a "crime of violence" under the force clause, which he contends they do not. *Id*.

The Court first notes that petitioner is not challenging a sentence issued under the Armed Career Criminal Act, 18 U.S.C. § 942(e), rendering *Johnson*'s retroactive application, and thus the timing of his habeas petition, questionable. *See* 28 U.S.C. § 2255(f); **Misc. No. 16-196**. Nonetheless, assuming petitioner's claim is procedurally appropriate, it can be disposed of out of hand.

The First Circuit Court of Appeals has rejected both prongs of the petitioner's argument in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018) and *United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018). In *Douglas*, the Court held that the residual clause is not unconstitutionally vague and must be analyzed on a case-by-case basis to ascertain whether the charges at hand meet the residual clause's definition of "crime of violence." 907 F.3d at 4. And, in *Cruz-Rivera*, the Court held that carjacking constitutes a crime of violence under the force clause. 904 F.3d at 66. Where only one of the definitions of "crime of violence"—under either the residual clause or the force clause—need apply to sustain petitioner's weapon conviction, that carjacking categorically meets the force clause's standard and it ends the inquiry. Thus, in the instant case, Vega's § 2255 petition under *Johnson* challenging his weapons conviction pursuant to 18 U.S.C. § 924(c) is clearly without merit insofar as the petitioner was convicted of carjacking, as summarized above.

Accordingly, the petition for habeas relief is **DENIED. ECF Nos. 1, 4**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of July, 2019.

                                         **S/AIDA M. DELGADO-COLÓN**
                                         **United States District Judge**